UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| VANNARA PHOU, | ) | CASE NO. C09-1367-RAJ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| THOMAS R. DECKER, et al., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

I. INRODUCTION AND SUMMARY CONCLUSION

Petitioner Vannara Phou is being detained by the U.S. Immigration and Customs Enforcement ("ICE") pursuant to a final order of removal to Cambodia that was entered on March 17, 2007. On September 4, 2009, petitioner, proceeding through counsel, filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges the statutory and constitutional authority of ICE to detain him any further due to the unlikelihood of his removal from the United States in the reasonably foreseeable future because he is stateless. (Dkt. No. 1.) Respondents have filed a motion to dismiss, arguing, *inter alia*, that petitioner's detention is warranted because ICE has travel documents and is in the process of removing

REPORT AND RECOMMENDATION
PAGE -1

petitioner to Cambodia. (Dkt. No. 19.)

For the reasons set forth below, the Court recommends that respondents' motion to dismiss be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner was born in 1980 in the Khao I Dang Cambodian refugee camp in Prachinburi Provence, Thailand, to parents who were citizens of Cambodia.[1] (AR L4-5, L24, L378, L406, L447, L500.) On February 15, 1984, petitioner was admitted to the United States as a refugee, and on December 25, 1985, he adjusted his status to lawful permanent resident. (AR L5.) On March 27, 2001, petitioner was convicted in the Common Pleas Court of Philadelphia, Pennsylvania of robbery in violation of Title 18 Pennsylvania Consolidated Statues section 3701, and was sentenced to house arrest with a monitor for three to twelve months. (AR L19-17, L32.)

On June 6, 2003, ICE served petitioner with a Notice to Appear, placing him in removal proceedings and charging him as subject to removal under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") for having been convicted of an aggravated felony as defined under INA § 101(a)(43)(F), as a crime of violence for which the term of imprisonment ordered is at least one year. (AR L12-14.) However, an Immigration Judge ("IJ") terminated petitioner's immigration proceedings after finding that petitioner's sentence to "house arrest" did not qualify as a "term of imprisonment" under INA § 101(a)(43)(F). (L35-39.)

The Department of Homeland Security ("DHS") appealed the IJ's decision to the Board

---

1 Petitioner's parents became naturalized United States citizens in 2004. (AR R239, R237.)

of Immigration Appeals ("BIA"), arguing that on June 30, 2003, petitioner was re-sentenced to 11½ to 23 months incarceration for a parole violation and is "now clearly removable as charged in the Notice to Appear." (AR L53-55, L65, L67-69, L93.) On January 29, 2004, the BIA vacated the IJ's decision and remanded to the Immigration Court for further proceedings. (AR L172-74.) On June 25, 2004, however, the IJ once again terminated petitioner's immigration proceedings, after petitioner presented a June 15, 2004, order from the criminal court which vacated its June 30, 2003, re-sentencing based on its finding that petitioner had not violated his probation. (AR L180-82.) DHS timely appealed the IJ's decision to the BIA, arguing that petitioner's sentence to "house arrest" constituted a "term of imprisonment" under the INA. (AR L211-20.) The BIA sustained the DHS appeal, reinstated the aggravated felony charge, and remanded to the Immigration Court to determine the petitioner's country of removal and to consider whether the petitioner may be eligible for relief from removal. (AR L237-38.) Petitioner filed a petition for review of the BIA's decision with the Third Circuit Court of Appeals, which dismissed the petition for review for lack of jurisdiction because there was no final order of removal against the petitioner. (AR R113, R159.)

On October 16, 2006, the IJ denied petitioner's application for withholding of removal and for protection under the Convention Against Torture ("CAT"), and ordered him removed to Cambodia. (AR L368-78.) Petitioner asserted that he was stateless and declined to designate a country of removal, the government designated Cambodia. (AR 444.) On November 9, 2006, petitioner appealed the IJ's removal order to the BIA, arguing, *inter alia*, that he was stateless and therefore could not be removed to Cambodia without any evidence as to his citizenship. (AR L360-62, L475-91.) On January 30, 2007, the BIA remanded proceedings

back to the IJ to determine the question of petitioner's citizenship, to provide petitioner an opportunity to apply for relief from removal to Thailand, and to provide additional evidence for relief from removal to Cambodia. (AR L499-502.) Specifically, with regards to petitioner's citizenship, the BIA held,

> In the present matter, the record evidences that the [petitioner] was born in a refugee camp in Thailand. Consequently, we find the Immigration Judge's factual determination that the [petitioner] is a native of Cambodia to have been clearly erroneous. *See* I.J. at 1. *See generally* 8 C.F.R. § 1003.1(d)(3)(i). It is also notable that the [petitioner] contests the DHS's assertion that he is a citizen of Cambodia. Although it is clear from the record that the [petitioner's] parents were both Cambodian citizens at the time of his birth, the record is devoid of any evidence regarding that nation's citizenship laws. Accordingly, we find it appropriate to remand the matter for further fact-finding on the question of the [petitioner's] citizenship, in addition to the proper country of removal.

(AR L500.)

On March 17, 2007, the IJ held another hearing and ordered petitioner removed from the United States to Cambodia. (AR L503.) Petitioner waived appeal of the IJ's decision. *Id*. On or about March 22, 2007, ICE forwarded a "travel presentation" to the Consulate of Cambodia. (AR R183, R257.) However, respondents were unable to effectuate petitioner's removal to Cambodia, and petitioner was released under an Order of Supervision on August 31, 2007. (AR R271, R334.)

On July 14, 2009, ICE received notification that Cambodian officials had issued a travel document for petitioner's removal to Cambodia. (AR R331, R338.) On September 2, 2009, ICE issued a Notice of Revocation of Release, informing petitioner that he would be placed in custody for removal to Cambodia. (AR R338.) Petitioner was taken into ICE custody in Philadelphia, Pennsylvania, on September 4, 2009. (AR R350.) The same day, petitioner,

through counsel, filed the present petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. (Dkt. No. 1.) Petitioner was subsequently transferred to the Northwest Detention Center in Tacoma, Washington, and this matter was transferred to the Western District of Washington. (Dkt. No. 8.)

## III. DISCUSSION

Section 241(a)(1)(A) of the INA states that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Under Section 241(a)(6), the Attorney General may detain an alien beyond the 90-day removal period. INA § 241(a)(6), 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6), authorizes the government "to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." *Zadvydas,* 533 U.S. at 682. The petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id.* at 691. The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." *Id.* at 689-697. The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized

by statute." *Id.* at 699.

The Supreme Court further held that detention remains presumptively valid for a period of six months. *Id.* at 701. After this six-month period, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The burden then shifts to the Government to respond with sufficient evidence to rebut that showing. *Id.* The six-month presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In this case, petitioner waived appeal of the IJ's March 17, 2007, order of removal. Accordingly, petitioner's order of removal became administratively final on that day. 8 C.F.R. § 1241.1(b); INA § 101(47)(B)(ii), 8 U.S.C. § 1101(47)(B)(ii). Petitioner's removal period thus began on March 17, 2007, the date his removal order became administratively final. INA § 241(a)(1)(B)(i), 8 U.S.C. § 1231(a)(1)(B)(i)("The removal period begins . . . [t]he date the order of removal becomes administratively final").[2] Thus, the presumptive six-month period in *Zadvydas* expired on or about September 17, 2007.[3]

Consequently, petitioner's detention is no longer presumptively reasonable. The Court

---

[2] INA § 241(a)(1)(B)(ii) is inapplicable because petitioner's habeas petition and stay of removal do not "entail judicial review of a *removal order*, as the plain text of the statute requires." *See Diouf v. Mukasey*, 542 F.3d 1222, 1230 (9th Cir. 2008).

[3] As indicated *supra*, respondents were initially unable to effectuate petitioner's removal to Cambodia, and petitioner was released under an Order of Supervision on August 31, 2007. (AR R271, R334.) However, respondents subsequently secured a travel document for petitioner's removal and petitioner was taken back into ICE custody on September 4, 2009, for removal to Cambodia. (AR R350.)

must, therefore, determine whether petitioner has shown that "there is no significant likelihood of removal in the reasonably foreseeable future," and if so, whether the Government has responded with "evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. The Court finds that petitioner has failed to satisfy his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future.

Contrary to petitioner's argument, the expiration of the presumptive six-month period does not, in and of itself, justify release. The government has obtained travel documents for petitioner's removal, and was in the process of removing petitioner to Cambodia. Petitioner remains in detention only because he sought and received a stay of removal from this Court. Petitioner may not simultaneously maintain that he is entitled to release because his removal is not reasonably foreseeable and that he is entitled to a stay of removal because his removal is imminent. Accordingly, the Court finds that petitioner's removal will occur in the reasonably foreseeable future, and his detention is not indefinite.

Petitioner asserts that he is a stateless individual who cannot be removed to Cambodia because he has no affiliation with that country. He concedes that he was ordered removed to Cambodia, but contends that the government's designation of Cambodia was improper and that the Immigration Court's "Order did not address the citizenship of the Petitioner." (Dkt. No. 21 at 4, 6.) Petitioner requests that the Court order "that he be released from US Government custody and that the US Government be ordered not to detain Mr. Phou again." (Dkt. No. 21 at 9.) Respondents argue that such relief is not proper because the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005), divests the Court of jurisdiction to grant relief from removal. The Court agrees with respondents. It is clear from reviewing the habeas petition

and petitioner's response to respondents' motion to dismiss that petitioner is challenging the IJ's designation of Cambodia as the country of removal, which is beyond this Court's jurisdiction.

"After determining that a noncitizen is removable, an IJ must assign a country of removal." *Hadera v. Gonzales*, 494 F.3d 1154, 1156 (9th Cir. 2007). Section 241(b)(2) of the INA sets out a four-stage process for determining the appropriate country of removal. 8 U.S.C. § 1231(b)(2). In *Jama v. ICE*, 543 U.S. 335, 125 S. Ct. 694, 160 L. Ed. 2d 708 (2005), the Supreme Court organized this statutory framework into the following removal commands:

> (1) An alien shall be removed to the country of his choice, unless one of the conditions eliminating that command is satisfied; (2) otherwise he shall be removed to the country of which he is a citizen, unless one of the conditions eliminating that command is satisfied; (3) otherwise he shall be removed to one of the countries with which he has a lesser connection; or (4) if that is "impractical, inadvisable or impossible," he shall be removed to "another country whose government will accept the alien into that country."

*Id*. at 341 (internal citations omitted).

In the present case, the BIA remanded to the Immigration Court "for further fact-finding on the question of the [petitioner's] citizenship, in addition to the proper country of removal" pursuant to INA § 241(b). (AR L500.) On remand, the IJ ordered petitioner removed to Cambodia, and petitioner waived appeal of that decision. Petitioner now contests the validity of his removal order to Cambodia. However, as set for below, the REAL ID Act made petitions for review in the courts of appeals the "sole and exclusive means for judicial review" of an order of removal. INA § 242(a)(5), 8 U.S.C. § 1252(a)(5).

The REAL ID Act amended the Immigration and Nationality Act by eliminating federal habeas corpus review of final orders of removal. *See* REAL ID Act, Pub. L. No. 109-13, 119

Stat. 231. Title 8 U.S.C. § 1252, as amended by the REAL ID Act, provides the exclusive means of reviewing a final order of removal. That section provides,

> Notwithstanding any other provision of law (statutory or nonstatutory) including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

INA § 242(a)(5). The statute further states that the "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed proceedings." INA § 242(b)(2). These provisions makes clear that the court is precluded from exercising jurisdiction over any claim by petition which necessitates review of an order of removal. Petitioner urges the Court to retain jurisdiction, arguing that he "is not challenging the removal order at all. Instead, Petitioner is challenging his illegal detention." (Dkt. No. 21 at 6.) Although petitioner frames his habeas petition only as a challenge to his detention, his contention that he cannot be removed to Cambodia because he is stateless is a direct challenge to the IJ's determination that Cambodia is the appropriate country of removal. Accordingly, petitioner's habeas challenge to his final order of removal may not be considered.

### III.  CONCLUSION

For the foregoing reasons, the Court recommends that respondents' motion to dismiss and vacate stay of removal be GRANTED, and that this matter be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

01     DATED this 7th day of January, 2010.

03                                             /s/ Mary Alice Theiler
                                        _____
                                        Mary Alice Theiler
04                                      United States Magistrate Judge